**Jaspreet SINGH, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–71121.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed June 29, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Samuel Ouya Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Robert P. Faulkner, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Jaspreet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

We lack jurisdiction to review the BIA's determination that Singh failed to file his asylum application timely because the underlying facts are disputed. *Cf. Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007) (per curiam).

As to withholding of removal, substantial evidence supports the BIA's adverse credibility finding based on the con-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

flict between Singh's claim that he entered the United States on December 22, 2000 and the government's evidence that he entered the United States on December 31, 1997. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). Substantial evidence also supports the BIA's adverse credibility finding based on an inconsistency between Singh's testimony and asylum application, and a letter from his mother, regarding the Indian government's motive to target him. *See Chebchoub*, 257 F.3d at 1043.

Because Singh's CAT claim is based on the same statements found to be not credible, and he does not point to any other evidence in the record that compels a finding that it would be more likely than not that he would be tortured if returned to India, substantial evidence supports the BIA's denial of CAT. *See Farah*, 348 F.3d at 1156–1157.

**PETITION FOR REVIEW DENIED.**